UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GORDON BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-307-CEA-HBG |
| | ) | |
| MARN LARSEN-BALL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel [Doc. 36], filed by Defendant. For grounds, Defendant states that she served Plaintiff with her First Set of Interrogatories and Request for Production of Documents (collectively, "Discovery Requests") on March 31, 2021. Defendant asserts that several of Plaintiff's responses to the Discovery Requests are deficient. Specifically, Defendant states that Plaintiff did not respond to Interrogatory No. 9 and that his responses to Nos. 3-14 to the Request for Production of Documents ("RFPs") are deficient. Finally, Defendant requests her attorney's fees incurred for filing this Motion.

Plaintiff responds [Doc. 38] that defense counsel has had all the documents requested for years and that his (Plaintiff's) personal tax returns are not relevant. Plaintiff attaches a summary purportedly from Robert Brown, a certified public account ("CPA"), explaining how Plaintiff benefited from the pension fund at issue. The Court observes that this letter [Doc. 38-2] is neither signed, nor dated.

The instant Discovery Requests are governed under Federal Rules of Civil Procedure 33 and 34. With respect to interrogatories, each interrogatory must, if not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). A responding party also has the option to produce business records as set forth in Rule 33(d). With respect to a request for production of documents, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34 (b)(2)(B).

In the instant matter, Plaintiff's responses to Interrogatory No. 9 and RFP Nos. 3-5, 8-10, and 12-14 do not comply with the above Rules. Instead, Plaintiff responds that Robert Brown "has this info [sic]" or "has all documents." Accordingly, the Court **ORDERS** Plaintiff to respond to Interrogatory No. 9 and Request for Production of Documents Nos. 3-5, 8-10, and 12-14 within **fourteen (14) days** of entry of this Memorandum and Order. If responsive documents have already been produced, Plaintiff **SHALL** provide the specific Bates Nos. (or other identifier) of the responsive documents.

Defendant has also requested information about Plaintiff's tax returns, *see* RFPs Nos. 6-7 and 11. Defendant states that she needs Plaintiff's individual tax filings because it is unclear whether some or part of the alleged IRS liabilities are related to his individual filings. Plaintiff contends that his personal taxes returns are irrelevant to the issues in this case. At this time, it is not clear to the Court whether Plaintiff's tax returns are relevant and proportional to the needs of this case. If Defendant believes production of the tax returns is still warranted after reviewing Plaintiff's responses to the above discovery requests, Plaintiff may renew her motion to compel.[1]

---

[1] With respect to tax returns, "some courts have applied a two-part test to determine whether the discovery of tax returns is permissible." *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *4 (E.D. Tenn. Mar. 27, 2017). "Under this test, a party seeking tax returns has to show that they (1) are relevant (2) contain information that is not obtainable from other

Finally the Court finds an award of attorney's fees not appropriate at this time. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Compel [**Doc. 36**].

    **IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

sources." *Id.* While this Court has not adopted this test, "it must at least be mindful of the emphasis that its sister courts place on the public-policy concerns that have unquestionable contributed to this test's emergence." *Id.* Thus, if Defendant intends to seek such records, the Court may schedule a motion hearing on such a request.