UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GORDON BALL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-CV-307-CEA-HBG |
| MARN LARSEN-BALL, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Sanctions, Alternatively, Motion for Relief from Discovery Plan and Scheduling Order ("Motion for Sanctions") [Doc. 42]. The parties appeared before the Court on November 10, 2021, for a motion hearing. Attorney Gordon Ball appeared on behalf of himself. Attorney Corrin Fulton appeared on behalf of Defendant. Accordingly, for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Sanctions [**Doc. 42**].

### I. BACKGROUND

By way of background, Defendant previously filed a motion to compel explaining that she served Plaintiff with Interrogatories and Request for Production of Documents (collectively, "Discovery Requests") on March 31, 2021. Defendant asserted that several of Plaintiff's responses to the Discovery Requests were deficient. Specifically, Defendant argued that Plaintiff did not respond to Interrogatory No. 9 and that his responses to Nos. 3-14 to the Request for Production of Documents ("RFP") were deficient. Plaintiff responded [Doc. 38] that defense

counsel has had all the documents requested for years and that his (Plaintiff's) personal tax returns are not relevant. Plaintiff attached an unsigned and undated summary, purportedly from Robert Brown, a certified public account ("CPA"), explaining how Plaintiff benefited from the pension fund at issue. *See* [Doc. 38-2].

On August 18, 2021, the Court entered a Memorandum and Order ("August 18 Memorandum") [Doc. 40], granting in part Defendant's motion to compel. The Court explained that the Discovery Requests are governed under Federal Rules of Civil Procedure 33 and 34 and that with respect to interrogatories, each interrogatory must, if not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The Court further noted that a responding party also has the option to produce business records as set forth in Rule 33(d). With respect to a request for production of documents, the Court explained that pursuant to Rule 34, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34 (b)(2)(B).

The Court found that Plaintiff's responses to Interrogatory No. 9 and RFP Nos. 3-5, 8-10, and 12-14 did not comply with the above Rules. The Court ordered Plaintiff to respond to Interrogatory No. 9 and RFP Nos. 3-5, 8-10, and 12-14 within fourteen (14) days of entry of the August 18 Memorandum. If responsive documents had already been produced, the Court ordered Plaintiff to provide the specific Bates Nos. (or other identifier) of the responsive documents. The Court did not order Plaintiff to produce his tax returns because Defendant did not adequately explain why Plaintiff's tax returns were relevant or proportional to the needs of this case.

Plaintiff did not fully comply with the Court's instructions above, which prompted Defendant to file the instant Motion. Defendant requests dismissal of this action, or in the

alternative, adjustment of the Scheduling Order so that the parties will have sufficient time to prepare for trial. Defendant also requests her attorney's fees. Defendant states that after the Court's August 18 Memorandum, Plaintiff responded to RFP No. 8, but he failed and refused to respond to Interrogatory No. 9 and RFP Nos. 3, 4, 5, 9, 10, 12, 13, and 14.

Plaintiff responded that the pension fund that is the subject of this lawsuit was managed by Osborn, Carreiro & Associates ("Osborn") and that Osborn is attempting to locate the original plan document. Plaintiff states that he has given Defendant every tax return for the fourteen (14) years of the plan's existence. Plaintiff submits that he has produced every document that he possesses concerning the pension plan.

Defendant replied that Plaintiff did not respond to Interrogatory No. 9 and that the only RFP that Plaintiff properly responded to was RFP No. 8. Finally, Plaintiff filed a Notice of Filing Supplemental Discovery Documents [Doc. 48].[1]

## II. ANALYSIS

The Court has considered the parties' filings in this case and the oral arguments presented at the motion hearing. Accordingly, for the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion [**Doc. 42**]

During the motion hearing, Defendant maintained that Plaintiff only responded to RFP No. 8. Defendant stated that Plaintiff did not include Bates numbers on any document or explain what

---

[1] After the hearing, Defendant filed a Notice of Noncompliance with Discovery ("Notice") [Doc. 51], stating that during the hearing, Plaintiff reported to the Court that he had produced the pension plan and the detailed report from the Internal Revenue Service. Defendant states that she cannot locate such documents in the production that Plaintiff provided. In addition, Defendant states that she discussed this issue with Plaintiff, who stated that such documents were on the Court's docket. Plaintiff responded [Doc. 52] to the Notice that the pension plan is Exhibit 1 to [Doc. 48] and that the Internal Revenue Service report is [Doc. 48-4].

document was responsive each request. Defendant argued that due to Plaintiff's noncompliance with discovery obligations, the February trial date is not attainable.

Plaintiff stated that he does not have a position on whether the trial needs to be continued. Plaintiff stated that he has produced all the documents in his possession. Plaintiff acknowledged that he did not follow the Federal Rules when he produced his documents but explained that he had experienced several personal issues that prevented him from properly responding to the Discovery Requests. Plaintiff submitted that he had no intention of not complying with the Rules. Plaintiff argued that he believed that his document production was responsive to the RFPs.

In the August 18 Memorandum, the Court explained Plaintiff's obligations to respond to discovery. As mentioned above, Rule 33 requires interrogatories, to the extent not objected to, "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(a)(3). Plaintiff did not provide any supplemental response to Interrogatory No. 9. With respect to the RFPs, the August 18 Memorandum directed Plaintiff to respond and that if he had already produced responsive documents, the Court directed Plaintiff to provide the specific Bates numbers (or other identifier) of the responsive documents. Instead of complying with the Federal Rules or the Court's August 18 Memorandum, Plaintiff simply provided Defendant with a box of documents.

Rule 37(b)(2) provides a list of sanctions when parties do not comply with a discovery order. Specifically, Rule 37(b)(2) states that the court may issue "further just orders," which may include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

4

Case 3:18-cv-00307-CEA-HBG   Document 54   Filed 11/22/21   Page 4 of 8   PageID #: 1231

> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(A)(i)-(vii). The Rule further provides:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The Sixth Circuit has directed courts to consider four factors when determining whether dismissal is an appropriate sanction for failure to comply with the discovery obligations or other court order as follows:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.,* 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)) (other quotations omitted).

The Court has strongly considered dismissing this action for Plaintiff's failure to comply with the Federal Rules and failure to comply with the Court's August 18 Memorandum. The Court, however, has weighed the above factors and finds that they slightly weigh in Plaintiff's

favor. With respect to the first factor, "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager*, 942 F.3d at 837 (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). While Plaintiff's discovery responses, or lack thereof, are not acceptable, the Court does not find that his actions display an intent to thwart judicial proceedings or a show reckless disregard of this case. Plaintiff explained at the hearing that he had produced all responsive documents and that given his personal issues, which he detailed at the hearing, he did not comply with his obligations as directed. Thus, given Plaintiff's explanation, the Court finds that the first factor weighs in Plaintiff's favor.

Further, the Court notes that it did not previously warn Plaintiff that a failure to cooperate could lead to dismissal.[2] In addition, less drastic sanctions have not been imposed, and the Court is encouraged that less drastic sanctions (as explained below) will correct these deficiencies. The Court does find, however, that Defendant has been prejudiced because discovery has been delayed, rendering it impossible for Defendant to comply with the remaining deadlines in this case.

Pursuant to the factors outlined above, the Court declines to recommend dismissal of this case. Moving forward, the Court expects Plaintiff to comply with all orders from the Court and the Federal Rules of Civil Procedure. The Court **ADMONISHES** Plaintiff that future discovery abuses of similar magnitude will lead to additional sanctions, including dismissal of this action. Fed. R. Civ. P. 37(b)(2). The Court **ORDERS** Plaintiff to respond to the remaining Discovery Requests in compliance with the Court's previous instructions and the Federal Rules within **fourteen (14) days** of the instant Memorandum and Order.

---

[2] Arguably, the Court is not required to warn Plaintiff given that he has litigated many cases in federal court and is fully aware of his obligations.

6

Case 3:18-cv-00307-CEA-HBG   Document 54   Filed 11/22/21   Page 6 of 8   PageID #: 1233

Further, and as explained above, Rule 37 states that the Court must order the disobedient party to pay reasonable expenses, unless the failure was substantially justified. The Court does not find that Plaintiff's failure was substantially justified and further finds that Defendant is entitled to her reasonable expenses, including attorney's fees, for preparing and litigating the Motion for Sanctions. In addition, the Court is hopeful that an award of expenses will deter Plaintiff from similar conduct in the future.

As a final matter, given the discovery issues in this case, the Court finds an extension of the deadlines, Defendant's alternative requests, to be appropriate as ordered below.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Motion for Sanctions, Alternatively, Motion for Relief from Discovery Plan and Scheduling Order [**Doc. 42**]. Defendant **SHALL** provide Plaintiff, within fourteen (14) days of this Memorandum and Order, with her reasonable expenses, including attorney's fees, that were incurred in preparing and litigating the instant Motion. If the parties cannot agree on the reasonableness of Defendant's expenses, after a meaningful meet and confer, they may bring the matter to the Court's attention. Finally, the Court **ORDERS** the deadlines in this matter be extended as follows:

1. Defendant shall submit her expert disclosures on or before **January 21, 2022**;[3]

2. The parties shall complete discovery on or before **February 21, 2022;**

3. The parties shall file *Daubert* motions on or before **March 21, 2022;**

---

[3] During the hearing, Plaintiff stated that he did not intend to designate any expert witnesses.

4. The parties shall file dispositive motions on or before **March 21, 2022.**

The Court will reset the other pretrial deadlines at a later date.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge